## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Plaintiff Susan Jorgensen-Ziebert ("Jorgensen-Ziebert"), individually and on behalf of the putative Wis. Stat. § 803.08 class action members that she represents (the "Class Members"), and Agnesian Healthcare, Inc. ("Agnesian" or "Defendant") (collectively, the "Parties").

## RECITALS AND BACKGROUND

1.      On March 10, 2021, Jorgensen-Ziebert filed a Complaint in the United States District Court for the Eastern District of Wisconsin. The Complaint asserts claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL") and the Fair Labor Standards Act ("FLSA") relating to Defendant's alleged failure to compensate Class Members for all time worked due to its practice of timeclock rounding and for rest breaks and meal periods during which they were not completely relieved of duty and/or free from work for at least thirty (30) consecutive minutes. Complaint, ¶ 3. Plaintiff did not move for conditional collective action certification, and the time to do so has since expired.

2.      The purpose of this Settlement is to settle fully and finally the claims contained in the Complaint and any claims that are or could have been asserted by Plaintiff under the FLSA or state and local wage and hour laws on behalf of the Settling Plaintiffs (as defined below).

3.      Agnesian denies Jorgensen-Ziebert's claims in this Action, denies all material allegations asserted in the Complaint, and has alleged numerous meritorious defenses. Agnesian denies that its pay practices as implicated in the Complaint failed to comply with the FLSA or the WWPCL, or any other federal or state law and further denies that it is liable or owes damages to anyone with respect to the alleged facts or causes of action asserted in the Complaint. Without admitting or conceding any liability or damages whatsoever, Agnesian has agreed to settle the claims asserted in the Complaint on the terms and conditions set forth in this Settlement to avoid

further expense, inconvenience, and the distraction of burdensome and protracted litigation in exchange for the promises and the covenants undertaken by Jorgensen-Ziebert on behalf of herself and the Settling Plaintiffs below.

4.      Class Counsel, Walcheske & Luzi, LLC, among other things, analyzed and evaluated the merits of the claims made against Defendant in the Complaint, conducted interviews with Jorgensen-Ziebert, prepared and served written discovery on Agnesian, obtained and reviewed documents relating to Agnesian's compensation policies and practices, analyzed time records and payroll data, and utilized the services of a third-party analyst for additional analysis of time records and payroll data, and, based upon their analysis and evaluation of all available information, and recognizing the substantial risks of litigation, including the possibility that the Complaint, if not settled now, might not result in any recovery or, if Plaintiff is successful, might result in a less favorable recovery, and that any recovery would not occur for several years, Class Counsel is satisfied that the terms and conditions of this Settlement are fair, reasonable, and adequate, and that this Settlement is in the best interests of Jorgensen-Ziebert and the Settling Plaintiffs.

5.      The parties participated in months' long, arm's length negotiations, as well as a mediation on May 16, 2023, and ultimately reached the resolution described in this Agreement during that mediation.

## TERMS OF THE AGREEMENT

In consideration of the mutual promises contained herein and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

**1.      Definitions Used in this Settlement.**

A.     **"Action"** means the matter captioned *Jorgensen-Ziebert v. Agnesian Healthcare,* Case No. 21-cv-302, in the United States District Court for the Eastern District of Wisconsin.

B.     **"Attorneys' Fees and Costs"** means the amount to be paid to Class Counsel from the Gross Settlement Amount pursuant to Section 2.D. below.

C.     **"Claimant"** means each Class Member who completes, signs, and submits a valid and timely Claim Form.

D.     **"Claim Form"** means the form attached hereto as Exhibit B that, subject to Court approval, each Class Member must sign, complete in full, and submit within sixty (60) days following mailing of the Notice to recover a Settlement Award.

E.     **"Class Counsel"** means Walcheske & Luzi, LLC.

F.     **"Class Members"** means all hourly-paid, non-exempt employees employed by Agnesian in the State of Wisconsin, between March 10, 2019, and December 21, 2019, who allegedly have not been compensated for all hours worked each workweek – at a regular rate of pay or at an overtime rate of pay for hours worked in excess of forty (40) hours in a workweek – as a result of Defendant's rounding practices.

G.     **"Court"** means the United States District Court for the Eastern District of Wisconsin.

H.     **"Defendant"** means Agnesian Healthcare, Inc.

I.     **"Defendant's Counsel"** means Littler Mendelson, P.C.

J.     **"Employer Payroll Taxes"** means all taxes and withholdings an employer is required to make arising out of or based upon the payment of back wages from the Gross Settlement Amount to Settling Plaintiffs, including FICA, FUTA, and SUTA obligations.

3

Employer Payroll Taxes are not included in the Gross Settlement Amount and shall be paid separately by Defendant.

K.     **"Final Approval"** means the date the Court enters an order finally approving the terms of this Settlement.

L.     **"Final Judgment"** means the latest of: (i) the date of final affirmance on any appeal of the Court's Final Approval order; (ii) the date of final dismissal, with prejudice, of the last pending appeal from the Court's Final Approval order; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the Court's Final Approval order.

M.     **"Gross Settlement Amount"** means Two Hundred Seventy-Five Thousand Dollars and No Cents ($275,000.00), which is the maximum amount that Defendant has agreed to pay to fully resolve and settle the claims asserted in the Complaint. This amount includes any claim for Attorneys' Fees and Costs approved by the Court, any and all amounts to be paid to Settling Plaintiffs, and any Court-approved Service Award. Defendant will not be required to pay any more than the Gross Settlement Amount, except for the Employer Payroll Taxes and the costs of the Settlement Administrator.

N.     **"Named Plaintiff"** means Susan Jorgensen-Ziebert.

O.     **"Net Settlement Fund"** means the Gross Settlement Amount less the Attorneys' Fees and Costs and the Service Award.

P.     **"Notice"** means a written notice in a format substantially in conformance with Exhibit A attached hereto that will be sent to the Class Members if the Court grants preliminary approval of this Settlement. The Notice shall inform the Class Members of their anticipated respective settlement amounts, their right to excludes themselves from or object to the Settlement

4

and the procedures for doing so, their right to receive their anticipated Settlement amounts if they submit a Claim Form, and that by participating in and not excluding themselves from the Settlement, they will be releasing state and local wage and hour claims, as discussed in more detail in Sections 4 and 5 below.

Q.    **"Parties"** means Named Plaintiff and Defendant.

R.    **"Preliminary Approval"** means the date the Court enters an Order "preliminarily approving" the terms of this Settlement and orders the Notice to be sent to the Class Members.

S.    **"Released Parties"** means Agnesian Healthcare, Inc., and all of its parent organizations, holding companies, agents, predecessors, insurers, contractors, divisions, affiliates (e.g., affiliates, including, but not limited to, SSM Health Care of Wisconsin, Inc. and SSM Health Care Corporation), related companies and joint ventures, business units, subsidiaries, and successors, and their current or former officers, directors, employees, and legal counsel.

T.    **"Relevant Time Period"** means March 10, 2019, through December 21, 2019.

U.    **"Service Award"** means the amount to be paid to the Named Plaintiff from the Gross Settlement Amount in recognition of her service contributions to the Class discussed in more detail in Section 2.C. below.

V.    **"Settlement"** means this Settlement Agreement and Release along with the Exhibits attached hereto.

W.    **"Settlement Administrator"** means Rust Consulting, which the Parties have selected to perform the following duties, more fully described below: (1) mail the Notice to Class Members; (2) receive objections and requests for exclusion from the Settlement; (3) receive Claim Forms; (4) deliver the Attorneys' Fees and Costs to Class Counsel; (5) mail the Named Plaintiff

the Service Award; (6) mail all Settling Plaintiffs their settlement payments; and (7) perform tax withholding and reporting. Agnesian will pay for the cost of the Settlement Administrator.

X. **"Settling Plaintiffs"** means the Class Members who do not properly and timely request exclusion from the Settlement pursuant to Section 10.B. below. ~~SDA~~

Y. **"Workweek"** means each calendar week during the Relevant Time Period during which a Class Member was employed by Agnesian in a non-exempt position.

2. **Allocation of the Gross Settlement Amount.**

A. **The Net Settlement Fund.** The Parties anticipate that the Net Settlement Fund will total up to One Hundred Sixty Thousand Five Hundred Twenty-Seven Dollars and Fifty-Eight Cents ($160,527.58). Each Claimant shall be allocated a settlement payment from the Net Settlement Fund, which will be the Claimant's *pro rata* share of the Net Settlement Fund based on the number of Workweeks the Claimant was employed during the Relevant Time Period in comparison to the total number of Workweeks all Class Members were employed during the Relevant Time Period. For income and payroll tax purposes, the Parties agree that two-thirds of each settlement payment made to a Claimant shall be allocated as wages (which shall be subject to required withholdings and deductions and reported as wage income as required by law), and the remaining one-third of each settlement payment shall be allocated as penalties or other non-wage damages (which shall not be subject to required withholdings and deductions and shall be reported as non-wage income as required by law). The Settlement Administrator shall withhold the employee's share of any applicable payroll taxes from that portion of each settlement payment allocated to wages. The Settlement Administrator shall not withhold any taxes from that portion of each settlement payment allocated to penalties. The Settlement Administrator shall issue to each Settling Plaintiff who receives a settlement payment a Form W-2, reporting the

6

portion of the settlement payment allocated to wages and a Form 1099, reporting the portion of the settlement payment allocated to penalties. Other than the withholding and reporting requirements herein, Claimants shall be solely responsible for the reporting and payment of their share of any federal, state, and/or local income or other taxes on payments received pursuant to this Settlement.

B. Defendant shall only be responsible for funding the Net Settlement Fund with respect to the amounts to be paid to Claimants.

C. **Service Award.** In recognition of her service contributions to the Class, Named Plaintiff shall receive, subject to Court approval, a Service Award in the amount of Ten Thousand Dollars and No Cents ($10,000.00), which shall be issued with an IRS Form 1099. Defendant does not oppose this Award. Named Plaintiff will provide a completed Form W-9 to Agnesian to facilitate this payment. This Service Award is being sought in recognition of Named Plaintiff's efforts to pursue the claims raised in this Action on behalf of the Class Members, including providing factual information and otherwise assisting Class Counsel with the prosecution of the Action, as well as consideration for her full release of claims as set forth herein. Any amounts allocated as a Service Award under this paragraph, but not approved by the Court, shall remain with Defendant.

D. **Attorneys' Fees and Costs.** Class Counsel will seek, and Defendant will not oppose, an award of Attorney's Fees and Costs to be paid from the Gross Settlement Fund in the amount of One Hundred Four Thousand Four Hundred Seventy-Two Dollars and Forty-Two Cents ($104,472.42) as Attorneys' Fees and Costs. Any amounts allocated as Attorneys' Fees and Costs under this paragraph, but not approved by the Court, shall be added to the Net Settlement Fund for distribution to Claimants.

7

3.      **This Settlement is Fair, Adequate, and Reasonable.**  The Parties warrant and represent they have conducted a thorough investigation of the facts and allegations in the Action.  The Parties further represent and warrant that they believe this Settlement represents a fair, adequate, and reasonable Settlement of this Action and the claims asserted therein and that they have arrived at this Settlement through extensive arms-length negotiations, including mediation with a respected mediator, taking into account all relevant factors and risks, present and potential.

4.      **Named Plaintiff's Full Release of Claims.**  In consideration of her eligibility for a Service Award, Named Plaintiff, on behalf of herself and her heirs and assigns, hereby forever releases and discharges, through the date of execution of her respective release, the Released Parties from any and all claims, obligations, causes of action, actions, losses, expenses, demands, rights, and liabilities of every kind, nature and description, whether known or unknown, whether anticipated or unanticipated, arising prior to Final Judgment, including, but not limited to, those claims which: (a) were pled in the Action at any time; and/or (b) could have been pled in the Action, including all claims based on any of the following: (i) alleged failure to pay any type of overtime wages, (ii) alleged failure to pay any type of minimum wages, (iii) alleged failure to pay any type of otherwise earned wages (including straight-time wages, bonuses, commissions, incentive payments, etc.), (iv) any other alleged federal wage-and-hour violation, (v) any other alleged state wage and hour violation; (vi) alleged discrimination, retaliation, harassment, or wrongful discharge, and (vii) any statutory, constitutional, regulatory, contractual, or common law employment-related claims for wages, damages, restitution, equitable relief, or litigation costs; and (c) this release includes any and all of the following based on any of the matters released by the foregoing: penalties, liquidated damages, punitive damages, attorneys' fees and expenses,

8

litigation costs, restitution, and equitable relief. For the avoidance of doubt, this is a complete and general release of all possible claims to the maximum extent allowed under the law.

5. **Settling Plaintiffs' Release of Claims.** In consideration for the payments described in this Agreement, each Settling Plaintiff agrees on behalf of himself or herself and his or her heirs, executors, administrators, successors, and assigns, to release, and hereby releases, to the fullest extent permitted by law, each of the Released Parties, from all claims asserted in the Action, including all wage and hour claims arising out of any local or state wage, minimum wage or overtime laws, including but not limited to Wisconsin's Wage Payment and Collection Laws, arising out of or related to any factual or legal theory that was alleged or that could have been alleged in the Action related to alleged unpaid wages, and all derivative claims relating to unpaid wages, minimum wage and overtime compensation, up to, and including December 21, 2019, including all claims for liquidated, punitive, or penalty damages, interest, and Attorneys' Fees and Costs.

In consideration for the payments described in this Agreement, each Settling Plaintiff acknowledges Defendant has, as of the date of this Agreement, fully compensated him or her for all wages earned and hours worked related to any factual or legal theory that was alleged, or that could have been alleged, in the Action between March 10, 2019 and Final Approval.

6. **Certification for Settlement Purposes Only.**

A. For purposes of settlement only, the Parties agree that the Court may certify the Class pursuant to Wis. Stat. § 803.08. If the Court unexpectedly does not approve the Settlement, Defendant reserves the right to contest any subsequent motion requesting class or collective action certification.

9

B.     This certification stipulation is made solely for purposes of facilitating this Settlement and is in no way an admission that class certification is proper or that certification requirements would be established under governing law or by further discovery.

C.     The existence and terms of this Settlement, including the certification stipulation discussed in this Section 6, shall not be admissible in the Action, or any other action or proceeding, for any purpose, including as evidence that (i) the proposed class or any other class or collective should be certified or not decertified; or (ii) the Released Parties are liable to Named Plaintiff or the Class Members; other than solely to enforce the terms of the releases and non-admission provisions herein.

**7.     Preliminary Approval.**

A.     Named Plaintiff will seek the Court's Preliminary Approval of the terms of this Settlement pursuant to Wis. Stat. § 803.08(9), by filing this Settlement with the Court, along with an unopposed motion for preliminary approval ("Preliminary Approval Motion") within thirty (30) days from the execution of this Agreement.  Class Counsel will provide a draft of the Preliminary Approval Motion to Defendant's Counsel for input and approval, prior to filing.  The Preliminary Approval Motion will ask the Court for:

(a)     Preliminary approval of the Settlement memorialized in this Agreement as fair, reasonable, and adequate;

(b)     Certification of this case as a class action under Wis. Stat. § 803.08 for the purpose of settlement;

(c)     Appointment of Named Plaintiff, Susan Jorgensen-Ziebert, as the Class representative;

(d)     Appointment of Walcheske & Luzi, LLC as Class Counsel;

(e)     Appointment of Rust Consulting as the Settlement Administrator;

10

(f)     Approval of the Notice in the form of Exhibit A attached hereto for distribution to all Class Members;

(g)     A finding that the Notice constitutes valid, due, and sufficient notice to the Class Members in full compliance with the requirements of applicable law;

(h)     A direction that each Class Member who wishes to be excluded from the Class must opt out per the instructions set forth in the Notice, and that their response must be postmarked within sixty (60) days of mailing of the Notice;

(i)     A direction that each Class Member who wishes to receive a settlement payment must submit a signed and completed Claim Form, and that the Claim Form must be postmarked within sixty (60) days of mailing of the Notice;

(j)     A direction that each Class Member who has not properly and timely requested exclusion from the Class shall be bound in the event the Court issues a Final Order Approving Settlement; and

(k)     A direction that any Class Member who wishes to object in any way to the Settlement must file and serve such written objections per the instructions set forth in the Notice, which must be postmarked no later than sixty (60) days after the mailing of the Notice, together with all papers in support of his or her position.

## 8.     Notice and Claims Form Process.

A.     Within ten (10) business days of the Court's order preliminarily approving the terms of this Settlement, Defendant will provide the Settlement Administrator with a spreadsheet containing the Class Members' names, last known addresses, and dates of employment with Agnesian, to the extent Defendant has such information in its possession.

B.     Within fourteen (14) days of receipt of the spreadsheet discussed in Section 8.A. above, the Settlement Administrator shall mail the Notice and Claim Form (attached as Exhibits A and B) to each Class Member via First Class U.S. mail.

11

C.     To the extent that any Notices are returned as undeliverable, Rust Consulting will take reasonable steps to locate a new mailing address for the intended recipient(s) and remail the Notice. Resending of Notice shall be limited to one remailing.

D.     If either Party becomes aware, and/or is informed by a Class Member, that he or she did not receive the Notice in the mail, the party will alert Rust Consulting of the same, and Rust Consulting will reissue Notice to any mailing address provided by the Class Member.

**9.     Procedure for Filing Claims Forms.** Each Class Member will have sixty (60) days after the date the Notice is mailed to submit his or her signed and completed Claim Form. The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether a Claim Form has been timely submitted.

**10.     Procedure for Objecting to or Requesting Exclusion from This Settlement.**

A.     **Procedure for Objecting.** The Notice provides that Settling Plaintiffs who wish to object to the Settlement must mail a written statement objecting to the Settlement to the Settlement Administrator. Such written statement must be postmarked no later than sixty (60) days after the date the Notice is first mailed. The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether an objection to the Settlement has been timely submitted. No later than three (3) calendar days after receiving an objection, the Settlement Administrator shall furnish Class Counsel and Defendant's Counsel with a copy of the objection. Class Counsel shall file the objection with the Court on the next business day or as otherwise soon as reasonably practicable.

B.     **Procedure for Requesting Exclusion.** The Notice provides that Class Members who wish to exclude themselves from participation in the Settlement must mail a written statement requesting exclusion to the Settlement Administrator. The request for exclusion must be

12

postmarked no later than sixty (60) days after the date the Notice is first mailed. Such written request for exclusion must contain the full name, address, telephone number, and the last four digits of the Social Security number or tax identification number the Class Member used when working for Defendant, a statement that the Class Member wishes to exclude himself or herself from the Settlement, and must include the Class Member's signature. No later than three (3) calendar days after receiving a request for exclusion, the Settlement Administrator shall furnish Class Counsel and Defendant's Counsel with a copy of the request for exclusion. Class Counsel shall file copies of any requests for exclusion concurrently with the motion for Final Approval. Any Class Member who excludes himself or herself from participation in the Settlement will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal, or comment thereon.

C. **No Solicitation of Settlement Objections or Exclusions.** The Parties agree to use their best efforts to carry out the terms of this Settlement. At no time shall either Party or their counsel seek to solicit or otherwise encourage Class Members to submit written objections to the Settlement or requests for exclusion from participation in the Settlement or appeal the Court's Final Judgment.

D. The parties expressly agree that if more than 10% of the Class Members exclude themselves from the Settlement, Agnesian shall have the unilateral right to rescind this Settlement. If Agnesian rescinds this Settlement, (1) Agnesian's obligations under this Settlement will cease to have any force and effect, (2) the Agreement will be vacated, null, void, and cancelled, (3) the Parties will return to the status quo ante, as if they had not entered into this Agreement, (4) this Agreement, and all negotiations and proceedings related to this Agreement, will be without

13

prejudice to the rights of the Parties, and (5) evidence of this Agreement, negotiations, and proceedings will be inadmissible and will not be discoverable.

**11.    Final Approval of Settlement.**

A.    Within a reasonable time following the conclusion of the claims period discussed in Section 9 above, Named Plaintiff will submit an unopposed motion for Final Approval of Settlement in a manner prescribed by the Court.  Class Counsel will provide a draft of the unopposed motion for Final Approval of Settlement to Defendant's Counsel in advance of this submission deadline for input and approval.  The Final Approval motion will ask the Court to:

(a)    Certify the Class pursuant to Wis. Stat. § 803.08;

(b)    Approve the Settlement as fair, reasonable, and adequate as it applies to the Class;

(b)    Approve Named Plaintiff's Service Award as fair and reasonable;

(c)    Appoint Walcheske & Luzi, LLC as counsel for the class;

(d)    Approve Class Counsel's award of attorneys' fees and costs as fair and reasonable;

(e)    Declare the Settlement to be binding on the Parties and Settling Plaintiffs; and

(f)    Dismiss with prejudice Named Plaintiff's and Settling Plaintiffs' released claims.

B.    If the Court does not enter a Final Approval order approving the terms of this Settlement, or decides to do so only with material modifications to the terms of this Settlement, or if the Final Approval order is reversed or vacated by a court of competent jurisdiction, then this Settlement shall become null and void, unless the Parties agree in writing to modify this Settlement and the Court approves this Settlement as modified.  Notwithstanding the foregoing, if the Court approves the Gross Settlement Amount, but determines there should be a reallocation of the Net

14

Settlement Fund, reduction of the Service Award, and/or a reduction of Attorneys' Fees and Costs, this Settlement as so modified and approved by the Court, shall remain fully binding on the Parties. Notwithstanding the Court's modification of the terms of this Settlement, or a reviewing court's vacatur, reversal, or modification of any approval order or the terms of this Settlement, Defendant's obligation to make payments under this Settlement remains limited by, and cannot under any circumstance exceed, the amount of the Gross Settlement Amount, except that Defendant shall pay the Employer Payroll Taxes associated with the wage payments distributed to the Settling Plaintiffs.

12.     **Delivery and Distribution of Gross Settlement Amount.**

A.      Within ten (10) days of the Final Judgment, Agnesian shall deposit the amounts of Class Counsel's Court-approved award of attorneys' fees and costs and Named Plaintiff's Service Award into the interest-bearing bank account opened by the Settlement Administrator for payment to Class Counsel and Named Plaintiff.

B.      Within fourteen (14) days of the Final Judgment, the Settlement Administrator will calculate the settlement payment for each Claimant under the formula in Section 2.A. of this Agreement.

C.      Within twenty-eight (28) days of the Final Judgment, as directed by the Settlement Administrator, Agnesian shall deposit into the interest-bearing account opened by the Settlement Administrator the balance necessary to pay any Claimants under this Agreement.

D.      Within sixty (60) days of the Final Judgment, the Settlement Administrator shall: (1) mail all Claimants their settlement payments; (2) mail the Named Plaintiff a check for the Service Award; and (3) mail Class Counsel a check for the Attorneys' Fees and Costs.

E.      The amounts payable from the Gross Settlement Amount to Class Counsel, Named Plaintiff, and all Claimants will be established as a "Qualified Settlement Fund" within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, the Treas. Reg. Section 1.468B-1, et seq., and shall be administered by the Settlement Administrator, subject to the ultimate authority of the Court.

**13.     Uncashed Settlement Checks.** Claimants will have one hundred and twenty (120) days after the issuance of the checks by the Settlement Administrator to cash their checks.   If any Claimant's settlement check is not cashed within that 120-day period, the check will be void.  In such event, any Claimant whose check was not cashed will be deemed to have waived irrevocably any right or claim to his or her settlement payment, but the Settlement nevertheless will be binding upon the Claimant.  If the Settlement Administrator is unable to deliver a settlement check to a Claimant after using all reasonable means to locate a Claimant, or if a check remains uncashed after the 120-day period, the amount of such settlement payments will be retained by Defendant. The Parties agree that any funds remaining in the interest-bearing bank account holding the Qualified Settlement Fund two hundred (200) days after the issuance of settlement payments under Section 11.D. of this Agreement shall be paid by the Settlement Administrator to Agnesian.  Any such payment to Agnesian under this paragraph shall be made within two hundred twenty-one (221) days after the issuance of the settlement payment checks under Section 11.D. of this Agreement.

**14.     Remainder of Qualified Settlement Fund.** Any funds from the Qualified Settlement Fund that are not distributed under the terms of this Agreement shall not be redistributed among the Claimants, but shall belong to Agnesian, and this Agreement shall remain binding on all of the Claimants.

16

15. **No Effect on Employee Benefits.** The settlement payments paid to the Claimants shall be deemed not to be pensionable earnings and shall not have any effect on the eligibility for, or calculation of, any of the employee benefits (e.g., 401(k) plans, retirement plans, etc.) of the Claimants. The Parties agree that any settlement payments paid to the Claimants under the terms of this Settlement do not represent any modification of their previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare benefit plan sponsored by Agnesian. Further, any settlement payments paid to former employees hereunder shall not be considered "compensation" in any year for purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan or employee welfare benefit plan sponsored by Agnesian.

16. **Court Retains Jurisdiction To Enforce Settlement.** The Court may retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement, to the extent permitted by law, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms embodied in this Settlement. Any action to enforce this Settlement shall be commenced and maintained before this Court.

17. **Cooperation Clause.** The Parties agree to cooperate in good faith to effectuate the terms of this Settlement, including securing the Court's approval of the Settlement, assisting with the administration of the Settlement in accordance with the terms of this Settlement, and obtaining a Final Judgment.

18. **Notices.** All notices, requests, demands, and other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be delivered personally or mailed, postage prepaid, by first class mail to the undersigned persons at their respective addresses:

> Plaintiff's Counsel:
> James A. Walcheske

17

Walcheske & Luzi, LLC
235 N. Executive Dr., Suite 240
Brookfield, WI 53005
(262) 780-1953
jwalcheske@walcheskeluzi.com

Defendant's Counsel:
Jennifer L. Ciralsky
Littler Mendelson, P.C.
111 East Kilbourn Ave., Suite 1000
Milwaukee, WI 53202
jciralsky@littler.com

Patrick Hulla
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
700 West 47th Street, Suite 500
Kansas City, MO 64112
patrick.hulla@ogletree.com

**19.     Amendment or Modification.**  This Settlement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

**20.     Entire Agreement.**  This Settlement and the attached Exhibits constitute the entire agreement among these Parties, and no oral or written representations, warranties, or inducements have been made to any party concerning this Settlement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

**21.     Authority.**  The undersigned certify that they are authorized to agree to these terms.

**22.     Binding on Successors and Assigns.**  This Settlement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

**23.     Governing Law.**  All terms of this Settlement shall be governed by and interpreted according to the laws of the State of Wisconsin.

**24.     Counterparts.**  This Settlement may be executed in one or more counterparts, each of which shall be deemed to be an original copy of this Settlement and all of which, when taken together, will be deemed to constitute one and the same agreement.  The exchange of copies of

18

this Settlement and of signature pages by email or other electronic means will constitute effective execution and delivery of this Settlement as to the Parties and may be used in lieu of the original Settlement for all purposes. Signatures of the Parties transmitted by email or other electronic means will be deemed to be their original signatures for any purpose whatsoever.

IN WITNESS WHEREOF, the Parties have executed this Settlement as follows:

**PLAINTIFF:** _____       **Date:** _____

Susan Jorgensen-Ziebert

**DEFENDANT:** _____       **Date:** 9-14-23

Agnesian Healthcare, Inc.

4871-6311-9486.1 / 079538-1004

IN WITNESS WHEREOF, the Parties have executed this Settlement as follows:

PLAINTIFF: _____ Date: __8/10/2023__
                Susan Jorgensen-Zieber

DEFENDANT: _____ Date: _____
                Agnesian Healthcare, Inc.

FDET 5498-5678 7 s859676 1000

20

# EXHIBIT A

# NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

**If you were employed as a non-exempt, hourly employee by Agnesian Healthcare, Inc. ("Agnesian" or the "Company") in Wisconsin at any time during the period from March 10, 2019, through December 21, 2019 ("Class Period"), you are eligible to receive a payment from a class action settlement.**

*This is a court-authorized notice.  This is not a solicitation from a lawyer.*

- Susan Jorgensen-Ziebert (the "Plaintiff" or "Class Representative"), a former employee of Agnesian at its Villa Loretto location, on her own behalf, and on behalf of alleged similarly situated workers, claims that Agnesian violated the Fair Labor Standards Act ("FLSA") and the Wisconsin Wage Payment and Collection Law ("WWPCL") by allegedly: (1) failing to compensate her for all time worked due to its practice of timeclock rounding; and (2) failing to pay her for rest and meal periods during which she was not completely relieved of duty and/or free from work for at least thirty consecutive minutes during certain days during the Class Period.

- Although Agnesian denies any wrongdoing, and denies it violated the law in any way, and submits that it always paid its employees in accordance with the law, the Parties have agreed to settle this lawsuit. As a result, Agnesian has agreed to make a total settlement payment of up to $275,000.00 to resolve these claims (the "Settlement").  The Court has not decided who is right and who is wrong.

- Based on the formula established in the Settlement Agreement, you are entitled to receive approximately $<DISTRIBUTION AMOUNT> (before deductions for any taxes), subject to the Court's final approval of the Settlement. This amount is based on the number of work weeks you worked for Agnesian during the Class Period.

- Your legal rights may be affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **FILE A CLAIM FORM** | If you want to receive the monetary payment allocated to you from the Settlement, you must complete and return the attached Settlement Claim Form **[INSERT DATE 60 DAYS FROM DATE OF MAILING]**. |
| **DO NOTHING** | If you do nothing, you will remain part of the Settlement, but will not receive a payment from the Settlement. |

- 1 -

| EXCLUDE YOURSELF | By excluding yourself, you give up any right to receive a payment from this Settlement. You will, however, keep any rights to sue Agnesian about the legal claims that were alleged, or could reasonably have arisen out of the same facts alleged, in this lawsuit. |
|---|---|
| OBJECT | If you do not exclude yourself, you may write to the Court about why you object to the Settlement. |
| GO TO THE HEARING | Ask to speak in Court about the fairness of the Settlement. If you want to speak at the hearing, you must send your objection in writing first, as explained below. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still must decide whether to approve the Parties' settlement agreement. Payments will be made if the Court approves the settlement and after any appeals are resolved.

## BASIC INFORMATION

**1. Why did I receive this notice?**

You received this notice because Agnesian's records show that you worked for the Company in Wisconsin during the Class Period as an hourly, non-exempt employee and, as such, your legal rights are affected by the proposed Settlement.

A class action lawsuit was brought against Agnesian claiming it violated the Fair Labor Standards Act and the Wisconsin Wage Payment and Collection Laws. The Honorable Lynn Adelman, a District Court Judge in United States District Court for the Eastern District of Wisconsin, is overseeing this class action. The lawsuit is known as *Jorgensen-Ziebert v. Agnesian Healthcare,* Case No. 21-cv-302.

This notice was sent to you because you have a right to know about a proposed Settlement reached in this lawsuit, and about your options in connection with this proposed Settlement, before the Court decides to finally approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, payments will be mailed to Class Members who file a Settlement Claim Form. Class Members who do not file Settlement Claim Forms and do not specifically request exclusion from the Settlement will not receive any payments.

## 2. What is this lawsuit about?

In this lawsuit, the Plaintiff alleged that Agnesian violated federal and Wisconsin State wage and hour laws by allegedly: (1) failing to compensate her for all time worked due to its practice of timeclock rounding; and (2) failing to pay her for rest and meal periods during which she was not completely relieved of duty and/or free from work for at least thirty consecutive minutes during certain days during the Class Period.

## 3. Why is this a class action?

In a class action, one or more people called class representatives sue on behalf of people who have the same or similar claims. Here, the Plaintiff is the Class Representative. The people with the same or similar claims are called "Class Members" or collectively, the "Class." In class actions, one court resolves the issues for all Class Members, except for those who decide to exclude themselves from the Class, as explained in paragraph 11 below.

## 4. Why is there a settlement?

The Court has not decided this case in favor of the Plaintiffs or Agnesian. While both Parties believe they would have ultimately prevailed, they chose to instead settle this case after extensive, good faith, and vigorous negotiations. By settling, the Parties (and all Class Members) achieved certainty of outcome and avoid the cost, delay, and risks of continued litigation, and Plaintiff and all Class Members affected by the litigation receive compensation now rather than risking receiving nothing. Given the risks and uncertainty present in this case, the Class Representative and her attorneys believe the Settlement is best for all Class Members.

# WHO IS IN THE SETTLEMENT

## 5. How do I know if I am part of the Settlement?

Unless you specifically elect to exclude yourself, you are automatically covered by this Settlement. However, whether you receive a monetary payment from the Settlement is dependent upon whether you complete and return your Settlement Claim Form by the deadline.

## 6. What does the Settlement Agreement provide?

Agnesian has agreed to create a total settlement fund in the maximum amount of $275,000.00. The fund will be used to make settlement payments to Class Members who submit Settlement Claim Forms, an incentive award to the Plaintiff in recognition of the service she provided to Class Members, and Class Counsel's attorneys' fees and out-of-pocket costs.

The amount to be paid to each Class Member is based on the number of workweeks he or she worked for Agnesian during the Class Period, and reflects a fair and reasonable pro-rata allocation of the settlement payments to be paid as a result of the Settlement.

- 3 -

The Settlement Agreement further provides that, in exchange for the payments described above, the Plaintiff and the Class Members who do not exclude themselves agree to dismiss this lawsuit, release all wage and hour claims pursuant to Wisconsin State and local laws that were alleged, or could reasonably have arisen out of, the same facts alleged in this lawsuit against Agnesian, and acknowledge they have received all that is owed to them by Agnesian as wages for time worked.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| **7. How much will my payment be?** |
| --- |

Based on the formula set forth in the Settlement Agreement, you are entitled to receive approximately $**<DISTRIBUTION AMOUNT>**, less applicable taxes and withholdings. Two-thirds of this amount will be treated as wages and taxed as such, and you will receive a W-2 relating to this amount. The other one-third will be treated as non-wages and will not be subject to wage-related taxes. You will receive a 1099 relating to this amount.

## HOW TO RECEIVE A PAYMENT FROM THE SETTLEMENT

| **8. How do I receive my settlement payment?** |
| --- |

To receive a settlement payment, you must fill out and submit the Settlement Claim Form that is attached to this Notice and return it on or before **[INSERT DATE 60 DAYS FROM DATE OF MAILING]** to

**[insert settlement administrator contact information]**

| **9. When will I receive my settlement payment?** |
| --- |

If you timely submit a Claim Form and the Court approves the Settlement, your payment will be mailed to you within 60 days after the latest of: (i) the date of final affirmance on any appeal of the Court's Final Approval order; (ii) the date of final dismissal, with prejudice, of the last pending appeal from the Court's Final Approval order; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of any form of valid appeal from the Court's Final Approval order. Your payment will be mailed to the address where this notice was mailed, unless you notify the Settlement Administrator (at the address listed in paragraph 8 above) of an updated address.

| **10. What am I giving up by staying in the Class?** |
| --- |

Unless you specifically exclude yourself (as explained in paragraph 11 below), you will remain a Class Member. That means that if you do not exclude yourself, you cannot sue, continue to sue, or be a party to any other lawsuit against Agnesian for any and all wage and hour claims pursuant to Wisconsin State and local laws that were alleged or could reasonably have arisen out of the

- 4 -

same facts alleged in this lawsuit. Additionally, it means you acknowledge Agnesian has fully compensated you for all wages earned and hours worked related to any factual or legal theory that was alleged, or that could have been alleged, in the class action lawsuit between March 10, 2019 and the Court's Final Approval. It also means that all of the Court's orders will apply to you and legally bind you if you do not exclude yourself from the lawsuit.

If you timely submit a Settlement Claim Form, you will be issued a check and you will have 120 days from the date of issuance of that check to cash or deposit it. After that time, it will automatically be voided. If your check is voided, you will have no entitlement to a replacement check.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep your right to personally sue, or continue personally suing, Agnesian on your own about the legal issues in this case, you must exclude yourself from the Settlement. The process of excluding yourself is also sometimes referred to as "opting out" of the class.

### 11. How do I opt out of the Settlement?

To exclude yourself from the settlement, you must send a written, signed statement to the Settlement Administrator by First Class U.S. mail that includes your full name, address, telephone number, and last four digits of your Social Security number or tax identification number you used when working for the Company. It must also include a statement that you wish to exclude yourself from the Settlement, and must include the case name (*Jorgensen-Ziebert v. Agnesian Healthcare*) and your signature. Your exclusion request must be postmarked no later than **[INSERT DATE 60 DAYS FROM DATE OF MAILING]** and must be mailed to:

**[insert settlement administrator contact information]**

If you ask to be excluded from the Settlement, you will not receive a settlement payment, and you cannot object to the Settlement. However, you will be excluded from, and will not be legally bound by, the Settlement.

## THE LAWYERS REPRESENTING YOU

### 12. Do I have a lawyer in this case?

The Court has preliminarily decided that Plaintiff's counsel, Walcheske & Luzi, LLC, is qualified to represent you and all of the other Class Members. These lawyers have been designated as "Class Counsel" in this lawsuit.

### 13. How will Class Counsel be paid?

You are not responsible for paying, or otherwise compensating, Class Counsel. Rather, Class Counsel will ask the Court to approve payment of $104,472.42 for their attorneys' fees and out-

of-pocket expenses from the settlement fund. In addition, Class Counsel will ask the Court to approve a payment to the Class Representative for her service to the Class in the amount of $10,000.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

| **14. How do I tell the Court that I object to the Settlement?** |
| --- |

If you do not exclude yourself from the Settlement, you may object to the Settlement.

In objecting, you must provide specific, detailed reasons why you think the Court should not approve the Settlement. To object, you must send a letter via first class U.S. Mail stating that you object to the settlement agreement in *Jorgensen-Ziebert, v. Agnesian Healthcare,* Case No. 21-cv-302, and stating the reasons, in detail, why you object. Any reasons you object that are not included in the letter will not be considered. You must also include your name, address, telephone number, and signature. If you intend to appear at the Fairness Hearing in this matter, as discussed in paragraph 16, below, you must further provide the name(s) and contact information for the attorney(s) who will be appearing on your behalf (if you will have an attorney appearing on your behalf) and include in your written statement: "I intend to appear at the Fairness Hearing." Any objections must be postmarked by **[INSERT DATE 60 DAYS FROM DATE OF MAILING]**, and mailed to:

**[insert settlement administrator contact information]**

Any objections that do not comply with all requirements of this paragraph and/or are not received or postmarked by the deadline will not be considered by the Court.

| **15. What is the difference between objecting to and excluding myself from the Settlement?** |
| --- |

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you do not exclude yourself from the Class. Excluding yourself is telling the Court that you do not want to be part of the Class or be covered by the Settlement. If you properly exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a Fairness Hearing to decide whether to finally approve the Settlement. You may attend, and you may ask to speak, but you do not have to. If you remain in the Class and want to bring anything to the Court's attention about the Settlement, you should provide it in writing to the Settlement Administrator according to paragraph 14 above, who will provide your letter to the Court before the Fairness Hearing.

- 6 -

**16. When will the Court decide whether to approve the Settlement?**

The Court will hold a Fairness Hearing at [INSERT TIME] on [INSERT DATE] at [INSERT LOCATION].

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are any objections, the Court will consider them. The Court will also consider Class Counsel's award of attorneys' fees and costs and Plaintiff's service award.

**17. Do I have to attend the Fairness Hearing?**

No, even if you filed an objection. Class Counsel will represent you at the hearing. Of course, if you want, you are welcome to attend (at your own expense). The Court will consider any objections received in a timely manner, even if the individual who sent in the objection does not appear at the Fairness Hearing. You may also pay your own lawyer to attend the Fairness Hearing, but it is not necessary.

**18. May I speak or present an objection at the Fairness Hearing?**

If you intend to appear at the Fairness Hearing and speak or present an objection, you must state your intention to do so at the time you submit your written objection pursuant to paragraph 14 above.

You may only present objections at the Fairness Hearing that were specifically detailed in your written objection and timely returned to the Settlement Administrator as described in paragraph 14 above. The Settlement Administrator will provide your letter to the Court before the Fairness Hearing.

Again, you cannot speak or present an objection at the Fairness Hearing if you exclude yourself from the Settlement.

## GETTING MORE INFORMATION

**19. What if I have questions about the Settlement?**

You can obtain more information about the Settlement, or obtain a copy of the Settlement Agreement, by contacting Class Counsel at the address and/or telephone number below.

Walcheske & Luzi, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Phone: 262-780-1953
Email: contact@walcheskeluzi.com


Dated: **[INSERT DATE OF MAILING]**

# EXHIBIT B

**<u>SETTLEMENT CLAIM FORM</u>**

**TO BE ELIGIBLE TO RECEIVE A PAYMENT FROM THE PARTIES' SETTLEMENT, YOU MUST COMPLETE AND SUBMIT THIS FORM BY <mark>[INSERT DATE 60 DAYS AFTER DATE OF MAILING]</mark>**

**IF YOU DO NOT SUBMIT THIS CLAIM FORM BY <mark>[INSERT DATE 60 DAYS AFTER DATE OF MAILING]</mark>, YOUR CLAIM WILL BE REJECTED AND YOUR CLAIMS WILL BE DISMISSED**

SIMID <<SIMID>>                                          Name/Address Changes:
<<FirstName>> <<LastName>>          _____
<<Address1>> <<Address 2>>           _____
<<City>> <<State>> <<Zip>>               _____

If your name or address is different from those shown above, print the corrections on the lines above and to the right.

**YOU MUST <u>SIGN</u> AND RETURN THIS CLAIM FORM BY MAILING IT TO THE ADDRESS BELOW BY <mark>[INSERT 60 DAYS AFTER DATE OF MAILING]</mark>. YOU MAY ALSO SUBMIT CLAIMS TO THE FAX NUMBER OR EMAIL ADDRESS IDENTIFIED BELOW.**

<mark>**[Insert claims administrator contact information]**</mark>

**<u>INSTRUCTIONS:</u>**

1.      To be paid money from the Settlement, you must sign and return this Claim Form by fax, e-mail or mail in order to be eligible. Your Claim Form must be received, or postmarked, on, or before, the date above, or it will be rejected.

2.      If you move, please include your new address above. It is your responsibility to keep a current address on file at the address shown above.

3.      If you sign and return this Claim Form, and it is either received or postmarked on or before the date above, then provided the Court gives final approval to the Settlement, you will be sent a payment from this Settlement for the applicable amounts based on when you worked for Agnesian Healthcare, Inc. during the relevant time period as provided in the Settlement Agreement.

4.      To the extent you are still employed as an at-will employee at Agnesian Healthcare, Inc., submitting a claim will not impact your continued employment or employment status.

5.      I declare under penalty of perjury that I was employed as a non-exempt, hourly employee by Agnesian Healthcare, Inc. during the period of March 10, 2019 through December 21, 2019, and as such, I am eligible to submit this Claim Form.

_____          _____
(Sign your name here)                                         (Date)

_____          _____
Print Your Name Here                                        Former Names (if any)

(_____) _____          (_____) _____
Area Code        Daytime Phone #                 Area Code        Evening Phone #

_____          _____
Email address                                                    Home Address